U.S. DISTRICT COURT FOR THE
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| Hada Garcia, et al., | ) | |
|     Plaintiffs. | ) | |
| v. | ) | |
| Pioneer Hi-Bred International, Inc.; | ) | |
| Corteva, Inc.; | ) | Case No. 3:20-cv-03322 |
| RAS Aviation, L.L.C.; | ) | |
| Farm Air, Inc.; and | ) | |
| Curless Flying Service, Inc.; | ) | JURY DEMANDED |
|     Defendants. | ) | |
| | ) | |

**PLAINTIFFS' RESPONSE TO RAS AVIATION, L.L.C.'S
MOTION FOR LEAVE TO WITHDRAW MOTION AS TO THREE OF
THIRTY-TWO PLAINTIFFS**

Plaintiffs respond to RAS Aviation LLCs' ("RAS") Motion for Leave to withdraw its motion to dismiss as to the three Plaintiffs who accepted RAS's offer of judgment—Liliana Rodriguez, Vanessa Guzman, and V.A. (Dkt. #68.) Plaintiffs do not oppose withdrawal of RAS's motion to dismiss against these three Plaintiffs, but file this Response to correct statements in RAS's motion that mischaracterize the facts, and to address a fallacious argument implicit in RAS's Motion, that the accepted offers of judgment with respect to these individual Plaintiffs affect this Court's analysis of RAS's pending motion to dismiss. It does not.

**I.     RAS wrongly implies that plaintiffs not present at or affected by the July Event nonetheless brought claims against it and that it has moved to dismiss those claims.**

RAS claims to intend that its motion to dismiss should "remain valid against . . . seven plaintiffs who made no claim to be present or exposed to anyone who was

1

present on July 23, 2019." (Dkt. #68, at 1.) The Complaint contains four counts against RAS—counts 16, 18, 21, and 22—and those counts expressly name all of the Plaintiffs bringing each of those counts. (*See* Dkt. 38.) None of the Plaintiffs RAS lists is named in any of the four counts against RAS, and none asserts a claim against RAS. (*See* Dkt. 38, at Counts 16, 18, 21, and 22.) Therefore, RAS has no claim for dismissal as to those Plaintiffs.

II. **RAS wrongly asserts that the remaining Plaintiffs have alleged only "nominal or minor injuries."**

RAS inaccurately asserts that there are "Twenty Two [*sic*] plaintiffs alleging nominal or minor injuries," with respect to whom its motion to dismiss should remain pending. (Dkt. 68, at 2.) RAS then lists the 23 plaintiffs with claims against RAS to whom RAS did not make an offer of judgment. RAS has no support for its assertion that any of these plaintiffs claim only nominal damages. (Dkt. #68, at 2.) Plaintiffs' Response to the motion to dismiss discussed with particularity the damages of three of the 26 plaintiffs who had brought claims against RAS (Liliana Rodriguez, Vanessa Guzman, and V.A.) as examples of injuries and damages that could exceed $75,000, but other plaintiffs have significant damages as well, including several with damages comparable to those three plaintiffs discussed in the Response.

III. **RAS's offer of judgment does not affect this Court's analysis of its pending motion to dismiss.**

To the extent RAS implies that the acceptance by three plaintiffs of RAS's offer of judgment changes this Court's analysis of the motion to dismiss, Plaintiffs

2

seek to clarify that it does not, for at least two reasons. First, as Plaintiffs argued in their Response to RAS's motion to dismiss, the amount of damages relates only to diversity jurisdiction. (Dkt. 54, at 4-9.) This Court need not reach the question of diversity jurisdiction, and therefore need not address the amount of damages claimed, because this Court has supplemental jurisdiction over Plaintiffs' state law claims against RAS. (*See* Dkt. 54, at 4–9; *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *Ammerman v. Sween*, 54 F.3d 423, 424 (7th Cir. 1995).)

Second, as Plaintiffs also argued in their Response to RAS's motion to dismiss (Dkt. 54, at 15), only one plaintiff need allege over $75,000 in possible damages to establish diversity jurisdiction against RAS; supplemental jurisdiction under 28 U.S.C. § 1367 may be taken over the other claims against RAS. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005).[1] The time at which at least one plaintiff must meet the jurisdictional amount is at the moment of filing: "Both diversity of citizenship and the allegations relating to the amount in controversy are matters that are determined at the commencement of a suit in federal court." *Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 130 F.3d 290,

---

[1] In its reply in support of its motion to dismiss, RAS cites to dicta in a single district court case from Colorado that distinguished *Exxon Mobil* on the basis that it involved a class action. (Dkt. 55-1 at 1, *citing Neill v. Am. Family Mut. Ins. Co.*, 08-cv-01472-PAB-MJW, 2009 U.S. Dist. LEXIS 5898, at *6 (D. Colo. Jan. 16, 2009). That dicta has not been followed by any court, and has been rejected in a subsequent decision of the same court, which noted that "the Court's discussion in *Exxon Mobil* does not restrict its application to class actions, and indeed, one of the cases at issue in that matter was a multiple-plaintiff, non-class action suit." *Tafoya v. Am. Family Mut. Ins. Co.*, 08-cv-01656-MSK-MEH, 2009 U.S. Dist. LEXIS 6370, at *6 n.3 (D. Colo. Jan. 28, 2009). The rule in *Exxon Mobil* applies to class actions and non-class actions alike.

292–93 (7th Cir. 1997). *See also St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292–93 ("[A] plaintiff may not defeat removal by subsequently changing his damage request, because post-removal events cannot deprive a court of jurisdiction once it has attached."). As the Seventh Circuit has explained:

> [E]vents occurring subsequent to the filing or removal of a case—whether one party changes its residence, thereby destroying complete diversity, or the amount in controversy drops below the jurisdictional amount—are not "defects" in the court's jurisdiction; these subsequent events do not affect a federal court's diversity jurisdiction at all. Because the amount in controversy in this case exceeded the jurisdictional amount when Grinnell filed suit, the fact that the amount in controversy subsequently fell below that amount was not a jurisdictional defect.

*Grinnell Mut. Reinsurance Co. v. Shierk*, 121 F.3d 1114, 1117 (7th Cir. 1997). *See also Johnson v. Wattenbarger*, 361 F.3d 991, 993 (7th Cir. 2004) (reversing district court's dismissal for lack of subject matter jurisdiction after discovery revealed that damages did not exceed $75,000).

## CONCLUSION

Plaintiffs do not oppose withdrawal of RAS's motion to dismiss against the three Plaintiffs who accepted RAS's offer of judgment: Liliana Rodriguez, Vanessa Guzman, and V.A. However, for the reasons stated above, the judgment that must be entered in favor of those three plaintiffs will not affect this Court's analysis of the motion to dismiss as to the remaining Plaintiffs.

Dated: October 4, 2021

        Respectfully submitted,

        /s/ Miriam Hallbauer
        Miriam Hallbauer
        For Plaintiffs excepting Gilbert Sanchez

        /s/ Trent R. Taylor
        Trent R. Taylor
        For all Plaintiffs

| | |
|---|---|
| Miriam Hallbauer<br>Legal Aid Chicago<br>Attorney for Plaintiffs<br>Excepting Gilbert Sanchez<br>120 South LaSalle Street, Suite 900<br>Chicago, IL 60603<br>Phone: 312-229-6360<br>mhallbauer@legalaidchicago.com | Trent R. Taylor<br>Farmworker Justice<br>Attorney for Plaintiffs<br>1126 16th Street, NW, Suite LL 101<br>Washington, D.C. 20036<br>Phone: 614-584-5339<br>ttaylor@farmworkerjustice.org |

## CERTIFICATE OF SERVICE

      The undersigned attorney certifies that she filed the foregoing upon the persons listed below by electronic means, by filing the same using the court's CM/ECF system, which will send notification to the following attorneys:

| | |
|---|---|
| Brian H. Sanchez<br>Manuel Sanchez<br>Attorneys for Defendants Pioneer Hi-Bred International, Inc. & Corteva, Inc.<br>Sanchez Daniels & Hoffman LLP<br>333 West Wacker Drive, Suite 500<br>Chicago, IL 60606<br>(312) 641-1555 (Tel)<br>(312) 641-3004 (Fax)<br>BSanchez@SanchezDH.com<br>MSanchez@SanchezDH.com | Mark T. Banovetz<br>Jennifer M. Theodore<br>Dan R. Formeller<br>Attorneys for Defendants Farm Air, Inc, & Curless Flying Service, Inc.<br>Tressler LLP<br>233 S. Wacker Drive, 61st Floor,<br>Chicago, IL 60606<br>O: 312-627-4099<br>C: 630-661-0953<br>F: 312-627-1717<br>MBanovetz@tresslerllp.com<br>JTheodore@tresslerllp.com<br>DFormeller@tresslerllp.com |
| Brandt Madsen<br>SmithAmundsen LLC<br>Attorney for RAS Aviation, L.L.C.<br>150 North Michigan Avenue, Suite 3300<br>Chicago, Illinois 60601<br>BMadsen@salawus.com<br>LGehrs@salawus.com<br>TSagil@salawus.com | |

                Respectfully submitted,

                /s/ Miriam Hallbauer
                Miriam Hallbauer

| | |
|---|---|
| Miriam Hallbauer<br>Legal Aid Chicago<br>Attorney for Plaintiffs<br>Excepting Gilbert Sanchez<br>120 South LaSalle Street, Suite 900<br>Chicago, IL  60603<br>Phone: 312-229-6360<br>mhallbauer@legalaidchicago.com | Trent R. Taylor<br>Farmworker Justice<br>Attorney for Plaintiffs<br>1126 16th Street, NW, Suite LL 101<br>Washington, D.C. 20036<br>ttaylor@farmworkerjustice.org |